{¶ 28} I concur with the majority's conclusion that Coors' approval of Goodman as a distributor was not a condition precedent to the enforceability of Kerr's obligations under Addendum A. Nevertheless, I write separately to express my view that Coors' approval was a condition precedent to the closing of the transaction contemplated by Addendum A — namely, Kerr's sale of the Coors franchise to Goodman upon the occurrence of any of the triggering events described therein. The majority's analysis does not address the consequences of the failure of this condition precedent, but I would more fully explain its effect in light of our entry of judgment in favor of Goodman on the issue of Kerr's liability for breach of contract.
 {¶ 29} It is axiomatic that "when the enforceability of a contract `depends upon a condition precedent, one cannot avoid his liability by making the performance of the condition precedent impossible, or by preventing it.'" Beder v. Cleveland Browns, Inc. (1998),129 Ohio App.3d 188, 196, appeal not allowed (1998), 84 Ohio St.3d 1438, quoting Suter v. Farmers' Fertilizer Co. (1919), 100 Ohio St. 403, 411. "Where a party's breach by non-performance contributes materially to the non-performance of a condition of one of his duties, the non-occurrence is excused." Restatement of the Law 2d, Contracts (1981) 258, Section 245.
 {¶ 30} In the instant case, Goodman has argued that Kerr's conduct in failing to advise Goodman of its intent to sell the Coors franchise, and instead notifying Coors of its agreement to sell to Miller, prevented Goodman from soliciting Coors' approval. Genuine issues of material fact remain as to whether Kerr thereby rendered impossible performance of the condition precedent to the closing of the sale to Goodman. If Kerr's conduct did so interfere with performance of the condition precedent, Kerr cannot avoid liability for any damages incurred by Goodman by claiming non-performance of the condition.
 {¶ 31} Nor can Kerr avoid liability by now claiming that it has no present intention to sell the Coors franchise. Kerr clearly breached its agreement with Goodman when it failed to notify Goodman of its intent to sell the franchise, as required by section (1)(iii) of Addendum A. That Kerr never consummated its proposed sale to Miller and may not currently be contemplating another sale is irrelevant to Kerr's breach, and to Goodman's entitlement to a hearing on damages therefor pursuant to Addendum A, which provides:
 "Kerr and Goodman agree that a breach by Kerr of the terms and conditions of this Addendum `A' is a material breach which will result in substantial damages to Goodman, the precise amount of which may not be determinable and for which Goodman pay pursue injunctive relief in addition to all other remedies available to it at law or in equity."
 {¶ 32} Having prayed for equitable relief, Goodman is entitled to elect the remedy of specific performance of Kerr's obligations under Addendum A — i.e., an order requiring Kerr to cooperate in the submission of a written sale notice to Coors that Goodman intends to purchase the Coors franchise rights. Just as the failure of Coors to approve Goodman does not prevent the agreement in Addendum A from becoming an enforceable contract, that failure likewise does not bar Goodman's remedies of specific performance and/or recovery of damages.